IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL L. GOLDEN | ) |
| | ) |
| v. | ) NO. 3-14-1973 |
| | ) JUDGE CAMPBELL |
| METROPOLITAN GOVERNMENT | ) |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, TENNESSEE | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Partial Judgment on the Pleadings (Docket No. 15). For the reasons stated herein, Defendant's Motion is DENIED.

The facts of this case and the arguments related to this Motion are similar, almost identical, to another case before this Court, *Clemons v. Metro*, Case No. 3-14-cv-1690. In both cases, the Plaintiffs are employees of Defendant's Metro Water Services ("MWS"). Both Plaintiffs began their work at MWS in 2007. Both Plaintiffs allege employment discrimination based upon race and retaliation. Some of the alleged discrimination and retaliation alleged involves both Plaintiffs. Both Plaintiffs allege disparate treatment and disparate impact claims.

Defendant has moved for partial judgment on the pleadings in both cases with regard to Plaintiffs' disparate impact claims. Defendant argues that the disparate impact claims are barred by a prior class action in which Plaintiffs were members of the class. That prior litigation has a long and complicated history which the Court (as with *Clemons*) will address, as needed, in its analysis.

MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ.

P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014).

## ANALYSIS

Plaintiff Golden's Complaint alleges discriminatory acts by Defendants beginning in 2011. Plaintiff alleges that in 2011, Defendant placed a white employee in the position of "back-up lead," when Plaintiff was more qualified for that position. Plaintiff contends that he was not even allowed to compete for the back-up lead position and that the decision was based upon race. Plaintiff asserts that even after complaints from other crew members, Defendant refused to remove the white employee from the position and refused to open the position for a competitive process.

In addition, Plaintiff alleges that, in late 2011, Defendant refused to investigate or discipline that white employee for making racially derogatory remarks to Plaintiff, despite Defendant's zero tolerance policy for such remarks. Plaintiff also contends that Defendant retaliated against him for complaining about the discriminatory treatment.

Plaintiff argues that, continuing through 2012 and 2013, he was discriminated against because of his race and/or retaliated against in numerous ways. Plaintiff alleges that he was denied promotional opportunities as well. For example, in late 2012, Defendant hired a white employee named Brady Rich in the position of Field Crew Supervisor. Plaintiff alleges that he was more

2

qualified for the position of Field Crew Supervisor, but Defendant did not post the position or allow others to compete for it.[1]

Plaintiff claims that the treatment of Rich is just one example of Defendant's preferential treatment of Caucasians compared to similarly-situated African-American employees. Plaintiff avers that Defendant's selection, placement and promotional policies, practices and procedures have an adverse, disparate impact on the employment opportunities, employment terms and employment conditions of African-American employees.

Defendant argues that Plaintiff's disparate impact claim is barred by the decisions in a 2004 action called *Grant v. Metro*, filed in this Court (before Judge Haynes) by nine employees of MWS. Defendant contends that the *Grant* case was certified as a class action on behalf of "all former, current, and future African-American employees" of MWS from January 1, 2000 to the present [2004]. Defendant argues that the plaintiffs in the *Grant* case claimed that MWS engaged in systematic practices of discrimination against black employees, causing both disparate impact and disparate treatment.

The status of the *Grant* case is disputed,[2] but the Court need not resolve that question at this point in the litigation. The *Grant* case, which was a class action, involved acts, omissions, policies and procedures of Defendant during a distinct period of time (from early 2000 until the summer of 2004). The *Grant* case was tried in April of 2008. The discovery, statistical information, and expert analysis presented in the *Grant* case to support the plaintiffs' disparate impact claim involved

---

[1] These facts are the same as Mr. Clemons' allegations concerning Mr. Rich.

[2] For example, the parties dispute whether there has been a final decision on the merits of the plaintiffs' disparate impact claims.

information from January of 2000 to March of 2007.[3] Plaintiff was not even hired by Defendant until 2007.

This action, which involves an individual claim, relates to acts, omissions, policies and procedures of Defendant during the period of time between 2011 and the date of filing, October 14, 2014. The statistical information and analysis presented in the *Grant* case to support the plaintiffs' disparate impact claim could not possibly have included Plaintiff's claims herein because the bases for those claims had not yet occurred. Plaintiff could not have raised the claims he raises here in the *Grant* case because his claims had not yet arisen.

Therefore, the Court finds, without reaching the issues as to the current status of the *Grant* case, that Defendant's Motion for Partial Judgment on the Pleadings should be denied. However, to the extent the allegations in Plaintiff's Complaint concerning a trial in April 2008 (¶¶ 32-34) refer to the *Grant* trial, any claims based upon those allegations will be excluded.

Should any future rulings in the *Grant* case otherwise directly affect this action, Defendant may raise the issue at a later time.

## CONCLUSION

For these reasons, Defendant's Motion for Partial Judgment on the Pleadings (Docket No. 28) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] Even Defendant admits that the plaintiffs' expert in *Grant* supplemented his information and analysis only through 2007.